WATEROUS *v.* FISHER BODY CORP.

WORKMEN'S COMPENSATION—CHANGE OF CONDITION—FINDING OF DEPARTMENT—EVIDENCE.

In proceeding to recover further compensation for injuries sustained while in defendant's employ, where evidence does not show plaintiff's earning capacity had changed since last preceding order denying compensation, plaintiff is not entitled to compensation.

Appeal from Department of Labor and Industry. Submitted January 16, 1940. (Docket No. 105, Calendar No. 40,863.)   Decided March 15, 1940.

Samuel Waterous presented his claim against Fisher Body Corporation for compensation for personal injuries sustained while in defendant's employ. On petition for further compensation. Award denied. Plaintiff appeals. Affirmed.

*Carl R. Hospers,* for plaintiff.

*Carlos J. Jolly.* (*E. C. McDonald,* of counsel), for defendant.

CHANDLER, J.   This is an appeal in the nature of certiorari by plaintiff from an award of the department of labor and industry, denying compensation for injuries claimed to have been accidentally sustained while in the employ of the defendant.

A concise statement of facts as found by the department on review, and which is amply supported by the record, is as follows:

"Plaintiff in the above matter has been before this department many, many times. He was injured May 24, 1929. A report of a noncompensable accident was filed and after a notice and application was filed a hearing was held on April 30, 1930, resulting in an award denying compensation. The plaintiff had been employed for a period of time subsequent to the accident and it was not disclosed that there was a decreased earning capacity resulting in a lower wage rate.

"On April 22, 1931, a petition to reopen was filed and denied by a deputy commissioner on May 25, 1931.

"A petition for further compensation was filed, heard before the deputy and denied December 10,

1931. On September 11, 1933, a petition for further compensation was filed, denied on November 13, 1933, and affirmed on appeal May 8, 1934. On February 11, 1936, a petition for further compensation was filed. On March 24, 1936, an amended petition for further compensation was filed and was heard on May 18, 1936. An order was entered granting $9.90 per week until the further order of the department. The last mentioned award was appealed and the award reversed on January 15, 1937. An application for leave to appeal was made to the Supreme Court and writ was denied by the Supreme Court March 2, 1937.

"On January 4, 1939, a petition for further compensation was filed, and was heard before deputy commissioner Black on February 9, 1939, and denied by him on February 17, 1939, which is the proceeding immediately before this department at this time.

"On the last petition, deputy commissioner Black simply stated that 'petition for further compensation should be and same is hereby denied.'

"Plaintiff was not employed by the defendant at made work but worked for the Palmer Edwards Company until March 8, 1938,. when he was discharged because of business conditions and not because of his physical inability to work. His claim is that he has not worked anywhere since because he cannot get a job—he can only do a special job. Earning capacity is not measured by ability to get a job, but is measured by the workman's physical ability to do the work he was doing at the time of his original injury. His employment was at common labor. His work with Palmer Edwards Company was principally painting. At the time of the denial of compensation on the last petition filed, by plaintiff, this department, after reviewing the principal part of the preceding petitions, awards, et cetera, passed upon his ability to work. It said:

" 'While the plaintiff does suffer disability in his right hand, there has been no impairment of his earning capacity. His physical condi tion has grown worse without decreasing his earning ability.'

"On hearing it was stated by plaintiff's counsel that he was in the same physical condition that he was at the date of the previous hearing which resulted in the opinion and order of January 15, 1937; this department obviously found that his earning capacity was as great or greater than it had been at the time of the last previous order denying compensation. The record in this case does not justify us in finding that his earning capacity has changed from what it was in January, 1937."

Based upon these facts, the department entered an order affirming the award of the deputy commissioner denying compensation.

The award is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, McALLISTER, and WIEST, JJ., concurred. BUTZEL, J., did not sit.